UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JEANETTE MENESES,

    Plaintiff,

v.                                                                           Case No: 5:19-cv-95-Oc-18PRL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying her application[s] for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be **Affirmed.**

**I.    BACKGROUND**

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

> Plaintiff filed applications for a period of disability, disability insurance benefits (DIB), and Supplemental Security Income (SSI) in September 2015 (Tr. 18, 204, 206). The applications were denied initially and on reconsideration (Tr. 116, 119, 124, 129). An administrative law judge (ALJ) held a hearing on March 23, 2018 (Tr. 33-65), and issued a decision on April 17, 2018, finding Plaintiff not disabled through the date of the decision (Tr. 15-26). The Appeals Council denied Plaintiff's request for review (Tr. 1-7). This case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

(Doc. 23, p.2).

Plaintiff was 29 years old at the date of the ALJ's decision. (Tr. 26, 66). Plaintiff has a GED and previously worked as a receptionist, accounting clerk, teacher aide, administrative clerk, and data entry clerk. (Tr, 40, 61). Plaintiff alleged disability beginning on August 11, 2015 due to Crohn's disease. (Tr. 206, 257). Based on a review of the record, the ALJ found that Plaintiff had severe impairments of inflammatory bowel disease, mild degenerative disc disease/degenerative joint disease of the lumbar spine, and obesity. (Tr. 20).

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform the requirements of light work with some limitations. The ALJ found:

> The claimant has the residual functional capacity to perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b), except no climbing of ladders-ropes-scaffolds; no more than occasional climbing of ramps/stairs, balancing, stooping, crouching, kneeling, crawling; with no exposure to excessive vibration, or to workplace hazards (such as moving machinery and unprotected heights).

Based on the RFC, and relying on the testimony of a vocational expert (VE), the ALJ found that Plaintiff was capable of performing past relevant work as a receptionist, accounting clerk, data entry clerk, and administration clerk. (Tr. 26).

## II.   STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision.   *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III.   DISCUSSION

Plaintiff raises three issues on appeal: (1) the ALJ improperly assessed the evidence of record; (2) the ALJ improperly assessed Plaintiffs RFC; and (3) the ALJ improperly assessed Plaintiff's alleged symptoms and limitations.

#### A.   The ALJ properly assessed the evidence of record

1. <u>Plaintiff's hospitalizations</u>

Plaintiff first argues that the ALJ erred in failing to properly discuss the nature and frequency of Plaintiff's hospitalizations and emergency department visits. (Doc. 22, p. 7). Plaintiff contends that the ALJ failed to include that in June 2014, she underwent a laparoscopic ileocecectomy for terminal ileitis that failed medical therapy (Tr. 798), in August 2014, she was admitted into the hospital after she was found to have gastrointestinal bleeding, and CT imaging confirmed Crohn's changes involving the right and left colon with prior ileocolonic anastomosis. (Tr. 457, 479-80). Plaintiff also points to October 2014, when she was hospitalized after reporting 8-10 bowel movements per day and then diagnosed with a Chron's disease exacerbation. (Tr. 534, 562-565).

Although the ALJ did not discuss Plaintiff's hospitalizations in 2014, he did discuss her emergency room visits and hospitalizations in 2015, 2016, and 2017. (Tr. 23-24). The ALJ discussed that in August 2015, Plaintiff underwent an additional diagnostic laparoscopy and colonoscopy after complaining of abdominal pain. (Tr 23, 735). The laparoscopy was "completely normal" and the colonoscopy showed "no evidence of active Chron's disease" but did reveal a rectal abscess, status post-biopsy, with drainage, and superficial anastomotic ulcer, status post-biopsy. (Tr. 23, 735, 740). A radiograph of Plaintiff's lumbar spine showed only mild degenerative changes with no significant spinal stenosis or foraminal encroachment and no compression of the conus or cauda equina roots. (Tr. 24, 659).

In April 2016, Plaintiff again returned to the emergency room and her diagnostic studies were generally unremarkable. (Tr. 23, 887). Upon examining Plaintiff, Gastroenterologist Dr. Arie Slomianski noted that he was "not sure this is a Crohn's exacerbation" and "the patient looks clinically fine." (Tr. 888). Plaintiff did not report having diarrhea and her pain improved with medication. (Tr. 23, 883, 887).

The ALJ noted that in July 2016, Gastroenterologist Dr. Harris Kerman reported that Plaintiff's "symptom complex was out of proportion to objective findings seen on imaging and colonoscopy from August 2015 hospitalization." (Tr. 23, 946). Dr. Kerman also noted that Plaintiff's lab results from her last emergency room visit were completely normal including normal fecal calprotectin. (Tr. 946). Dr. Kerman's physical examination showed normal bowel sounds with no distention mass or tenderness. (Tr. 23, 948).

An updated CT scan in November 2016 did not reveal any acute inflammatory process or bowel obstruction, and there was no evidence of active Crohn's disease. (Tr. 23, 943). Plaintiff presented to the emergency department again on December 2016 and an MRI showed no findings to suggest active Crohn's disease. (Tr. 24, 963).

In May 2017, Plaintiff presented to the emergency department with a Crohn's flare. (Tr. 24, 899-900). In September 2017, a gastroenterologist stated that the bloody stools that Plaintiff complained of were suggestive of internal hemorrhoids and not active Chron's given her recent CTAP and colonoscopy results. (Tr. 24, 1003).

In January 2018, Plaintiff presented to the emergency department again with complaints of pain, diarrhea, nausea, and vomiting. (Tr. 979). At a follow up appointment, the gastroenterologist noted that CTAP showed no evidence of colitis. (Tr. 24, 989).

The ALJ noted that the medical evidence indicates that Plaintiff's symptoms were responsive to medication. (Tr. 24, 883, 885). Additionally, the ALJ noted that in January 2018, Plaintiff had not been taking her Chron's medication for two years, which suggested that her symptoms were not as severe as alleged. (Tr. 24, 989). The ALJ properly considered Plaintiff's hospitalization records in assessing Plaintiff's RFC.

2. The opinions of Drs. Gaylord, Bondhus, and Parra

Next, Plaintiff argues that the ALJ erred in failing to articulate the weight accorded to Dr. Gaylord and Dr. Bondhus, and accorded inadequate weight to the opinions of Dr. Parra.

The ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Social Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). The opinions of treating physicians are entitled to substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997)).[2] Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). With good cause, an ALJ may disregard a treating physician's opinion, but she "must clearly articulate [the] reasons" for doing so. *Id*. at 1240-41. "In the end, the ALJ may reject the opinion of any physician if the evidence supports a contrary conclusion." *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 Fed. App'x 875, 877 (11th Cir. 2013) (*citing Syrock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985).

As to Dr. Gaylord, the medical records indicate that he was a consulting physician when Plaintiff presented to the emergency department in May 2017. (Tr. 930-34). In September 2017 and January 2018, when Plaintiff was following up after emergency department visits, Dr. Gaylord co-signed a report done by Davis Benton Marshall, PA. (Tr. 989-1004). In June 2017, Plaintiff was following up after another emergency department visit and Dr. Gaylord co-signed a report done by Bernadette de Nicola, PA-C. (Tr. 1007-1018).

---

[2] Although the treating physician rule has since been eliminated, the parties do not dispute that it applies here because Plaintiff's application was filed prior to March 27, 2017.

In August 2017, Dr. Gaylord performed a colonoscopy on Plaintiff. (Tr. 1005-1006) When Dr. Gaylord examined Plaintiff at the emergency department and conducted her colonoscopy, the record documents clearly indicate that he was the examining physician. (Tr. 930-34, 1005-1006). The remaining times his name appears in the record, it appears that Davis Benton Marshall, PA and Bernadette de Nicola, PA-C examined Plaintiff and Dr. Gaylord merely signed off on the reports. (Tr. 989-1004, 1007-1018). Dr. Gaylord only examined Plaintiff twice, which is not enough to consider him a treating physician. *Coheley v. Soc. Sec. Admin.*, 707 F. App'x 656, 659 (11th Cir. 2017) (stating that a physician who examined the claimant only twice, was no treating physician; and his opinion was unentitled to deference by the ALJ).

Even so, the opinions in these records do not conflict with the ALJ's opinion and the ALJ discussed the treatment notes, which demonstrates that he considered them. *Laurey v. Comm'r of Soc. Sec.*, 632 F. App'x 978, 987 (11th Cir. 2015) (finding no error when the ALJ never stated the weight given to the physician's treatment notes but discussed the content of the notes, "showing that the ALJ considered and gave weight to this medical evidence"). In May 2017, Plaintiff's abdomen inspection showed no hernias, was soft, non-tender, bowel sounds were active in all four quadrants, no masses, no organomegaly. (Tr. 24, 933). In June 2017, the record indicates that Plaintiff had been off her Chron's medication for two years, her blood tests and CT were underwhelming, and recommended that Plaintiff have a colonoscopy. (Tr. 24, 1007, 1017) In August 2017, Plaintiff's colonoscopy showed no active disease of the colon, anastomosis, or neoileum. (Tr. 24, 1005). In September 2017, the provider stated that the bloody stools that Plaintiff complained of were suggestive of internal hemorrhoids and not active Chron's given her recent CTAP and colonoscopy results. (Tr. 24, 1003). And in January 2018, the record indicates that the CTAP scan revealed no evidence of colitis. (Tr. 24, 989).

Plaintiff also claims that the ALJ erred in failing to discuss Dr. Bondus' records. In February 2016, Dr. Bondhus evaluated Plaintiff and performed a cystoscopy and urodynamic procedure. (Tr. 956). Dr. Bondhus noted that Plaintiff tolerated the procedure without difficulty, was able to void, and discharged in stable condition. (Tr. 956). Shortly after, Plaintiff returned to Dr. Bondhus with complaints of pain and was put on additional medication. (Tr. 875). Although the ALJ did not specifically mention Dr. Bondus by name, he did discuss the exhibits that contained the records. (Tr. 23-24). The ALJ is not required to "'specifically refer to every piece of evidence in his decision,' so long as the decision is sufficient to allow [the Court] to conclude that the ALJ considered the [Plaintiff's] medical condition as a whole." *Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 263 (11th Cir. 2009).

Even if the ALJ erred in not stating a specific weight he was assigning, that error is harmless. Plaintiff has not otherwise shown that Dr. Gaylord or Dr. Bondus' notes conflicted with the ALJ's opinion, which is supported by substantial evidence. *See Hunter v. Comm'r of Soc. Sec.*, 609 F. App'x 555, 558 (11th Cir. 2015) (noting errors in Social Security cases are harmless if the error "did not affect the judge's ultimate determination"); *Sarria v. Comm'r of Soc. Sec.*, 579 F. App'x 722, 724 (11th Cir. 2014) (finding harmless error in failing to give medical opinion weight because the opinion did not contradict the claimant's RFC); *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (finding no error in not giving opinions of physicians any weight where "none of the[] opinions directly contradicted the ALJ's findings").

Dr. Parra completed a one-page check box form on March 14, 2016. (Tr. 881). He circled limitations indicating Plaintiff could not work for any amount of time per day, could not stand for any amount of time, and she could lift no weight on an occasional or frequent basis. (Tr. 881).

Although the form contained a space for comments, Dr Parra left it blank. (Tr 881). The ALJ assigned "little weight" to Dr. Parra's assessment. (Tr. 25).

Contrary to Plaintiff's contention, the ALJ did in fact articulate the good cause for discounting Dr. Parra's opinion. Courts have found that check-off forms "have limited probative value because they are conclusory and provide little narrative or insight into the reasons behind the conclusions." *See Hammersley v. Astrue*, No. 5:08-cv-245, 2009 WL 3053707, at *6 (M.D. Fla. Sept. 18, 2009) (*citing, inter alia, Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985)). Dr. Parra neglected to provide any support for his conclusions although there was a space for comments on the form. Moreover, the ALJ specifically noted that Dr. Parra's own records and the record as a whole did not support the limitations stated in the medical source statement. (Tr. 25). *Cf. Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1262 (11th Cir. 2019) (finding that the use of a check box form is "not a basis, in and of itself, to discount [the physician's opinion] as conclusory").

Dr. Parra's clinical findings do not indicate that Plaintiff had difficulty standing or lifting. (Tr. 730-33, 757-58). On August 13, 2015, Dr. Parra noted that Plaintiff was in no distress, alert, oriented, well developed, and well nourished. (Tr. 733). Dr. Parra specifically noted that Plaintiff had a normal gait and station (Tr. 733), which contradicts his check box form indicating she had no ability to stand. (Tr 881). Dr. Parra reported that her abdomen was tender diffusely, but without peritoneal signs, and that she had normal bowel sounds, no mases, and her abdomen was not distended. (Tr. 733). Additionally, Dr. Parra reported on multiple visits that Plaintiff denied dyspnea with exercise or pain in her legs with walking. (Tr 731, 758, 1049, 1051). An inconsistency between a physician's opinion and his own treating records constitutes good cause for discounting the opinion. *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004).

Dr. Parra's notes do contain many of Plaintiff's subjective complaints. (Tr. 731, 758, 943, 1049, 1051). The extreme limitations Dr. Parra indicated in the medical source statement appear to be based off of these subjective complaints but are not supported by his treatment records. *Huntley v. Soc. Sec. Admin., Comm'r*, 683 F. App'x 830, 833 (11th Cir. 2017) (finding that the ALJ was not required to afford special deference to the examining physicians' opinions when no support was provided, and they relied on the claimant's subjective symptoms).

Plaintiff takes issue with the ALJ's decision to give "significant weight" to the opinion of state agency medical consultant Dr. Barry Bercu. (Tr. 25). State agency consultants are considered "highly qualified physicians. . . who are experts in the evaluation of the medical issues in disability claims under the Act," and they can be given weight by the ALJ if the evidence supports their opinions. SSR 96-6p, 61 Fed. Reg. 34,466-01 (July 2, 1996). The ALJ considered this opinion together with the other evidence in the record including the opinions of other gastroenterologists who treated Plaintiff. (Tr. 22-25).

According to Plaintiff, the ALJ "inconsistently applied his 'checkbox' standard to the opinions of Dr. Parra and Dr. Bercu." (Doc. 22, p. 19). This does not appear to be the case. Unlike Dr. Parra, Dr. Bercu did not simply provide a single form with no explanations regarding Plaintiff's limitations. Dr. Bercu provided an extensive explanation to support his assessment, which included specific citations to the evidence in the record. (Tr. 105-109). Additionally, the ALJ noted that the state agency consultants did not have the benefit of the entire record or the opportunity to examine Plaintiff and that Plaintiff is slightly more limited due to her symptoms related to IBD, musculoskeletal problems, and obesity. (Tr. 25). The ALJ properly assessed the evidence of record.

  **B.**  **The ALJ properly assessed Plaintiff's RFC**

Plaintiff baldly claims that the ALJ "endeavored to discount the substantial evidence of record," that the "glaring discrepancies between the ALJ's assessment of the evidence and what the substantial evidence of record actually reveals are clear," and that "no reasonable person would believe that such evidence would support a finding that despite the [Plaintiff's] impairments, she could perform full-time, competitive work on a sustained basis." (Doc. 22, p. 20). However, as discussed above, the ALJ, as he is charged to do, weighed the evidence, resolved material inconsistencies, and determined the case accordingly. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). "Even if the evidence preponderates against the [Commissioner's] factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The ALJ properly assessed Plaintiff's RFC and substantial evidence supports the ALJ's decision that Plaintiff was not disabled.

C. **The ALJ properly assessed Plaintiff's alleged symptoms and limitations**

Plaintiff claims that the ALJ incorrectly concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were "not entirely/reasonably/sufficiently consistent with the record as a whole." (Tr. 25).

If an ALJ decides not to credit a claimant's testimony about subjective complaints, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995); *Jones v. Department of Health and Human Servs*., 941 F.2d 1529, 1532 (11th Cir. 1991) (finding that articulated reasons must be based on substantial evidence). Here, the ALJ found that the objective medical evidence did not support the severity of symptoms alleged by Plaintiff. (Tr. 23-25).

The ALJ noted that although Plaintiff alleged to have 10-12 stools a day lasting 35-40 minutes each time, in January 2018 she had been off her Crohn's medication for two years, which

suggested the symptoms were not as serious as claimed. (Tr. 24). Additionally, in January 2018 Plaintiff reported that she had not had any concerning bowel movement in the past 3 days. (Tr. 24). The ALJ also noted that Plaintiff's treatment history shows that her symptoms have been responsive to medication and treatment. (Tr. 24). *See Dyer v. Barnhart,* 395 F.3d 1206, 1211 (11th Cir. 2005) (when medication helps control a claimant's symptoms, it undermines allegations of disabling limitations).

The ALJ properly considered Plaintiff's activities of daily living in evaluating claims of disabling pain. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211-12 (11th Cir. 2005). At the hearing, Plaintiff reported that she interacted with her family on social media, watched TV, shopped online for groceries, went to church, and had gotten married and moved to North Carolina approximately eight months before the hearing. (Tr. 23).

Accordingly, the ALJ articulated explicit and adequate reasons, based on substantial evidence, for discrediting Plaintiff's subjective complaints. The ALJ considered the objective evidence, Plaintiff's testimony, and evidence of Plaintiff's daily activities in reaching the conclusion that Plaintiff's impairments were not as limiting as she claimed.

**IV.   RECOMMENDATION**

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be AFFIRMED under sentence four of 42 U.S.C. § 405(g)

**DONE and Entered** in Ocala, Florida on August 10, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 13 -